UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WANDA EDWARDS, as the mother and next friend of her deceased child, PARISE MERCER<br>    Plaintiff,<br><br>v.<br><br>CITY OF CHICAGO and UNKNOWN CHICAGO POLICE OFFICERS,<br>    Defendants. | Case No. 12 cv 5576<br><br>Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the court on plaintiff's objection to the Magistrate Judge's order and motion to set aside his ruling [93]. The Court referred this action to Judge Kim for supervision of discovery and settlement discussions, and ordered fact discovery to close by March 7, 2104. The parties were ordered to serve written discovery requests no later than September 20, 2013 and to answer by October 25, 2013. On November 21, 2013, the parties reported to Magistrate Judge Kim "that they do not have any disputed written discovery issues" and written discovery was closed. [44]

**Background**

Plaintiff Wanda Edwards filed the instant complaint against defendants the City of Chicago and unknown Police officers for the death of her son, Parise Mercer on July 19, 2011. According to defendants, Mercer fired a semi-automatic handgun into a crowd of people outside Harold's Chicken at 9151 S. Ashland Ave in Chicago. There were four primary witnesses to the shooting: Ashton Pugh, Michael Powell, Donte Sawyer and Billie Wofford. Mercer allegedly shot Pugh and Wofford before being shot and killed by defendant officers.

On March 8, 2014, defendants re-visited the scene with some consultants, recovered bullet fragments and identified some potential "bullet-related" damage to garages in the alley. This information was communicated via email to plaintiff on March 10. Defendants provided plaintiff with the crime scene processing and inventory reports and promised to send photographs as soon as possible.

1

On March 27 plaintiff learned that Pugh and Powell were killed in February and October of 2013, respectively. In an email that same day, plaintiff requested that defendants provide all reports, records and documents relating to the death investigations of Pugh and Powell, as well as any and all mug shots for Pugh, Powell, Sawyer and Wofford. (Dkt. #93-1, Ex. 1.) The parties dispute whether defendants agreed to produce all the requested documents.

On April 3, this Court extended the deadline for fact discovery to May 16, 2014. On April 10, plaintiff issued a second set of interrogatories regarding the new evidence recovered by defendants. On April 28, defendants produced certain documents relating to Pugh, Powell and Sawyer. On May 2, plaintiff emailed defendants asserting that the produced documents were deficient. On May 13, defendants objected to two of plaintiff's three interrogatories on the basis of attorney-client privilege and work product doctrine.

Plaintiff's filed a motion to compel before Magistrate Judge Kim, which was denied without prejudice and with leave to file a renewed motion to address the timeliness of the March requests and April interrogatories. Plaintiff's renewed motion sought to compel defendants to produce 1) any and all mug shots of Pugh, Powell, Wofford and Sawyer; and 2) all reports and documents regarding the death investigation of Powell and Pugh. After a hearing on the motion, Judge Kim ultimately denied plaintiff's motion as untimely, noting that written discovery was closed and plaintiff had not sought leave to serve additional requests and interrogatories on defendants.

Plaintiff now moves to set aside Magistrate Judge Kim's ruling and order. The Court heard oral arguments on June 12, 2014 and, for the following reasons, plaintiff's objections are overruled.

**Legal Standard**

Orders on routine discovery issues are considered to be non-dispositive under Rule 72(a). Fed.R.Civ.P. 72(a); *Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006). A district judge may set aside a magistrate judge's ruling on a non-dispositive motion if the order is clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a). Under this standard, the district court can overturn the magistrate judge's ruling "only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). "[I]f there are two permissible views, the reviewing court should not overturn the decision solely because it would have chosen the other view." *American*

*Motors Corp. v. Great Am. Surplus Lines Ins. Co.*, No. 87 CV 2496, 1988 WL 2788, at *1 (N.D.Ill. Jan.8, 1988). The burden of establishing clear error falls on the objecting party. *See American Hardware Mfrs. Ass'n v. Reed Elsevier Inc.*, 2007 WL 1438470, at *1 (N.D.Ill. May 11, 2007).

**Discussion**

1. Plaintiff's Request for Production of Documents on March 27, 2014

Plaintiff asserts that her March 27, 2014 request for production of documents is timely, relevant and seeks highly probative information. Plaintiff concedes that written discovery closed months before she served her requests by email, but argues that defendants deliberately withheld information that prevented her from learning that Pugh and Powell had been killed prior to March 27.

Pugh allegedly gave officers an alias, and was therefore erroneously identified in police reports and defendants' Rule 26 disclosures as "Ashton Richardson." Plaintiff also allegedly had the wrong birthdate for Powell. Plaintiff asserts that, as soon as she confirmed Pugh and Powell had died, she immediately requested additional documents from defendants, including the investigative files for Pugh's and Powell's deaths and mug shots for Pugh, Powell, Wofford and Sawyer. Thus, plaintiff contends her March 27 email request for production of documents is timely.

Plaintiff argues the requested documents are relevant for several reasons. Plaintiff contends that the requested investigative files and mug shots may help establish that someone other than Mercer was the shooter on July 19. According to plaintiff, an eye witness to the July 19 shooting identified the shooter as wearing a white shirt and having long hair, but Mercer was wearing a black hoodie on and had a low-cut fade on July 19. Plaintiff asserts that Pugh and Powell were both killed in gang-related shootings just blocks from where Mercer was killed. Plaintiff contends that the investigative files may show that Pugh's and Powell's shooter could be the shooter on July 19.

Plaintiff also argues that the investigative files may reveal some bias on the part of the investigating officers. Plaintiff asserts that Pugh and Powell are known members of the gang Vice Lords, but were not arrested on July 19 despite both being earlier convicted of parole violation "by simply being around one another." (Dkt. #93, p. 7.) Additionally, plaintiff argues that the investigative files may reveal who owned the gun used in the July 19 shooting. Finally,

3

plaintiff asserts that defendants agreed to produce the documents, defendants did not timely object to the requests and defendants therefore waived any objection. Plaintiff contends that she is prejudiced by defendants' incomplete disclosure.

Defendants assert that despite producing some documents – including criminal history reports and a set of mug shots for Pugh, Powell and Sawyer – they never agreed to produce all of the requested documents. In front of Judge Kim, defendants argued that plaintiff's requests were untimely, overly broad and burdensome. Defendants contend that plaintiff is not entitled to every mug shot of Pugh, Powell, and Sawyer ever taken, nor is she entitled to the entire investigative files for Pugh's and Powell's deaths. Moreover, defendants maintain that all of the requested documents are irrelevant and have no bearing on the ultimate issues in the instant case.

The Court finds that plaintiff has failed to meet her burden showing that Judge Kim's order denying plaintiff's motion to compel is clearly erroneous. Judge Kim found that plaintiff's request for documents was untimely. Judge Kim explained that he would not intervene and compel defendants to produce the documents at issue where plaintiff did not seek leave of court or otherwise involve the court prior to issuing the March 27 request. This Court further finds that the purported relevance of the documents is speculative at best. For all these reasons, the Court overrules plaintiff's objections.

2. Plaintiff's Second Set of Interrogatories Issued April 10, 2014

Plaintiff contends this Court should compel answers to the April 10, 2014 interrogatories because they were timely issued and defendants have failed to provide any legal basis for asserting that either the attorney-client privilege or work product doctrine apply. Plaintiff's second set of interrogatories relate to the alleged new evidence defendants gathered and identified on March 8. Defendants again argue that plaintiff's interrogatories are untimely. At the motion hearing on June 12, defendants argued that their consultant's impressions regarding the "bullet-related" damage are protected by work product. Moreover, defendants stated that, should they decide to retain their consultant as an expert in this case, the complete expert file will be produced.

Again plaintiff fails to show that Magistrate Judge Kim's ruling denying the motion is clearly erroneous. In denying plaintiff's motion to compel answers as untimely, Judge Kim again explained that plaintiff did not seek leave of the court to issue her second set of interrogatories nor did she otherwise involve the court. This Court notes that on August 29, 2014, defendants

4

indicated that they do intend to disclose one or more expert witnesses. [111] As defendants represented to this Court on June 12, defendants are expected to produce complete expert files for each expert disclosed in this matter. For all these reasons, plaintiff's objections to Judge Kim's order are overruled.

**Conclusion**

Accordingly, plaintiff's objections are overruled and plaintiff's motion to set aside Magistrate Judge Kim's ruling [93] is respectfully denied.

IT IS SO ORDERED.

_____
Date: September 10, 2014

United States District Judge